UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x  NOT FOR PUBLICATION

NOBLE LHERISSON TARIK ELIE EL,

**MEMORANDUM AND ORDER**
12-CV-3385 (CBA)

                Plaintiff,

    -against-

KENNETH HART, Strickland Realty LLC;
TONY VANDERBEEK, Coldwell Banker
Mid Plaza,

               Defendants.
------------------------------------------------------------x
AMON, Chief United States District Judge.

*Pro se* plaintiff Noble Lherisson Tarik Elie El filed the instant complaint on July 5, 2012. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, however, for the reasons discussed below, the complaint is dismissed for lack of subject matter jurisdiction.

**BACKGROUND**

Although plaintiff's complaint is somewhat unclear, his allegations stem from real property allegedly owned by plaintiff at 30 Harbor Drive in Brooklyn, New York. Plaintiff alleges that he "lawfully claimed" this property in 2011 and "changed the locks on the property in which [he] laid claim to as per [his] rights as an aboriginal." Compl. at 4. On the evening of October 3, 2011, plaintiff returned to the property and found that the locks had been changed, preventing him access. Compl. at 5. It also appears that plaintiff is alleging that as a "Moorish-American national" he is immune from the laws of the United States. See generally, Exhibits annexed to Complaint. Plaintiff seeks an order directing the "Recorder of Deeds for Kings County to convey

1

the property" to him.  Id.

**STANDARD OF REVIEW**

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).  However, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

**DISCUSSION**

The subject matter jurisdiction of the federal courts is limited.  Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986): Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000). The basic statutory grants of subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332.  Arbaugh v. Y & H Corp., 546 U.S. 500, 513 (2006). Section 1331 provides federal question jurisdiction and Section 1332 provides jurisdiction based on diversity of citizenship. Id.  Lack of subject matter jurisdiction cannot be waived and may be raised at any time by any party or by the Court *sua sponte*. Bender, 475 U.S. at 541.  "The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." Conyers v.

Rossides, 558 F.3d 137, 143 (2d Cir. 2009) (quoting Sharkey v. Quarantine, 541 F.3d 75, 82 (2d Cir. 2008)) (internal quotation marks omitted).

Here, there is no indication in the complaint that diversity jurisdiction might exist: the addresses provided for all the named parties are located in New York. "In the absence of diversity of citizenship, it is essential to jurisdiction that a substantial federal question should be presented." Hagans v. Lavine, 415 U.S. 528, 537 (1974) (quoting Ex parte Poresky, 290 U.S. 30, 31-32 (1933)). "A plaintiff properly invokes § 1331 jurisdiction when [he] pleads a colorable claim 'arising under' the Constitution or laws of the United States." Arbaugh, 546 U.S. at 513 (citing Bell v. Hood, 327U.S. 678, 681-85 (1946)).

Plaintiff's complaint also fails to present a federal question. Plaintiff is essentially alleging that he has been wrongfully evicted from his property. This Court lacks subject matter jurisdiction over such a claim. See McMillan v. Dept. of Bldgs, No. 12 CV 318, 2012 WL 1450407, at *2 (E.D.N.Y Apr. 26, 2012) (federal court lacks jurisdiction over eviction proceedings); Rosen v. North Shore Towers Apartments, Inc. No. 11 CV 0752, 2011 WL 2550733, at *4 (E.D.N.Y. Jun. 27, 2011) (same); Kheyn v. City of New York, Nos. 10 CV 3233, 10 CV 3234, 2010 WL 3034652, at *2 (E.D.N.Y. Aug. 2, 2010). Any legitimate claims plaintiff may be able to raise are within the subject matter jurisdiction of the state courts.

Moreover, the Court notes that plaintiff's claim that as a member of the "Moorish-American" nation he is immune from the laws of the United States is meritless. See Bey v. American Tax Funding, No 11 CV 6458, 2012 WL 1495368, at *6 (W.D.N.Y. Apr. 27, 2012) ("Petitioner's purported status as a Moorish–American citizen does not enable him to violate state and federal laws without consequence."); Gordon v. Deutsche Bank, No. 11 CV 5090, 2011 WL

5325399, at *1 n.1 (E.D.N.Y. Nov. 3, 2011) (plaintiff's claim that as a Moorish–American he was not subject to eviction held to be without merit); Bey v. Bailey, No. 09 Civ. 8416, 2010 WL 1531172, at *4 (S.D.N.Y. Apr. 15, 2010 ) (petitioner's claim that he is entitled to ignore the laws of the State of New York by claiming membership in the "Moorish-American" nation is without merit and cannot be the basis for habeas relief).

## CONCLUSION

Accordingly, plaintiff's complaint is dismissed for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(h)(3). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

         /s/         
CAROL B. AMON
Chief United States District Judge

Dated: Brooklyn, New York
      July 23, 2012